IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARVIN MOORE, AIS 208412, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-238-MHT-CSC |
| ) | (WO) |
| CARL BRANDON SELLERS, III, ) | |
| ) | |
| Defendant. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on the complaint of state inmate Marvin Moore. Doc. 1. Moore claims attorney Carl Brandon Sellers III violated his constitutional rights when representing him in a criminal case brought against him in the Circuit Court of Butler County, Alabama. *Id*. at 2–3. He seeks $1.5 million in compensatory damages. *Id*. at 4. For the reasons discussed below, the court recommends that Moore's complaint be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### **I. STANDARD**

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. 28 U.S.C. § 1915A. The court must dismiss the complaint or any portion thereof that it finds (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C.

§ 1915(e)(2)(B) and § 1915(A). The court may sua sponte dismiss a prisoner's complaint before service. *See* 28 U.S.C. § 1915A(a).

Under §1915(A)(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that does not exist, *id*., or an affirmative defense (such as the statute of limitations) would defeat the claim. *See Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are given "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001) (noting that the language in § 1915A(b)(1) mirrors the language in 28 U.S.C. § 1915(e)(2)(B)(ii), which tracks the language in Rule 12(b)(6)).

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level"

and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II. DISCUSSION

Moore claims attorney Sellers, his court-appointed counsel in a criminal case in Butler County on state drug distribution charges brought against Moore, violated his First, Fifth, and Fourteenth Amendment rights by allowing delays in his trial on those charges and by failing to adequately consult with him to attempt to seek resolution of the case. Doc. 1 at 2–3. Moore's allegations against Sellers fail to state a claim under 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must assert "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To act under color of state law "requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citations omitted).

Moore alleges no facts to show why the court should consider attorney Sellers a state actor. Attorneys, whether privately retained or court appointed, are not state actors. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Reed v. Strickland*, No. 2:22-cv-437-MHT-KFP, 2023 WL 5952048, at *6 (M.D. Ala. June 9, 2023), report and recommendation

3

adopted, No. 2:22-cv-437-MHT, 2023 WL 5939874 (M.D. Ala. Sept. 12, 2023). Because Moore alleges no facts indicating Sellers was acting under color of state law during his representation, Moore's complaint is due to be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### III.  CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED before service of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

It is further ORDERED that the parties shall file any objections to this Recommendation by **October 9, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 25th day of September, 2024.

   /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE